**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HOLLIE SMITH,**

          **Plaintiff,**

**-vs-**                                       **Case No.  6:05-cv-1652-Orl-18KRS**

**BREVARD SECURITY SPECIALISTS,**
**INC., DAVID W. GRAHAM,**
**JEFFREY W. FARLESS,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 31)** |
| **FILED:** | **October 27, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part
and **DENIED** in part.

**I.     PROCEDURAL HISTORY.**

      On November 4, 2005, Plaintiff Hollie Smith filed a complaint against Brevard Security

Specialists, Inc. (Specialists), David W. Graham, and Jeffrey W. Farless alleging a violation of the

overtime provisions of the Fair Labor Standard Act (FLSA), 29 U.S.C. § 201 *et seq.*  Doc. No. 1.  The

complaint was served on each of the defendants, doc. nos. 6, 7, 19.  None of the defendants responded

to the complaint.  Accordingly, at Smith's request, the Clerk of Court entered a default against each

defendant, doc. nos. 10, 23.

Smith then filed the present motion for entry of a default judgment against the defendants.

Doc. No. 31.  She filed the following evidence in support of the motion:

- Plaintiff's Affidavit in Support of Motion for Entry of Default Final Judgment, doc. no. 31-2 (1st Smith Aff.);

- Affidavit of Attorney's Fees and Costs, doc. no. 31-3 (Pantas Aff.), and accompanying exhibits, doc. no. 31-4; and

- Plaintiff's Amended Affidavit in Support of Motion for Entry of Default Final Judgment, doc. no. 35 (2nd Smith Aff.).

## II.  STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which

are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu*

*Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held

to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering

a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint

to determine whether the plaintiff is entitled to a default judgment.  *Fid. & Deposit Co. v. Williams*,

699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations

relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines

the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F.

Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the Court may hold a

hearing for the purposes of assessing damages.  *Transatlantic Marine Claims Agency, Inc. v. Ace*

*Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

## III.   ALLEGATIONS OF THE COMPLAINT.

Smith was employed by Specialists as a security guard from September 29, 2004, to January 26, 2005, and was engaged in commerce as defined by the FLSA. Doc. No. 1 ¶¶ 4, 7. Specialists is an employer as defined in the FLSA. *Id.* ¶ 6.

Graham and Farless were owners, managers, and/or officers of Specialists. Each of them was substantially in control of the terms and conditions of Smith's work. As such, they are also employers as defined in the FLSA. *Id.* ¶¶ 9, 10.

During the term of Smith's employment, Specialists, Graham, and Farless repeatedly and willfully failed to compensate Smith at a rate no less than one and one-half times her regular rate of pay for workweeks in which Smith worked more than forty hours. *Id.* ¶ 13.

## IV.   ANALYSIS.

A.   FLSA Overtime Compensation Claim.

1.   *Liability.*

To prevail on a claim for payment of overtime under the FLSA, Smith must establish the following:

First, that she was employed by Specialists during the time period involved;

Second, that she was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that Specialists failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

In addition, "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id*. at 638.

By failing to answer the complaint, Specialists admits that it employed Smith during the relevant time period.  It admits that it was an employer who was required to comply with the FLSA and that it failed to pay overtime as required by the FLSA.  In addition, by failing to answer the complaint, Graham and Farless admit that they were substantially in control of the terms and conditions of Smith's work.  Accordingly, Specialists, Graham, and Farless are jointly and severally liable to Smith for overtime compensation due but unpaid.

    2.    *Damages*.

    (a)    <u>Overtime Compensation</u>.

Under the FLSA, Smith is entitled to be paid one and one-half times her regular rate of pay for all hours in excess of forty worked in a work week.  *See* 29 U.S.C. § 207(a)(1).  Smith avers that she was compensated at a rate of $10.00 per hour. 2nd Smith Aff. ¶ 4.  Smith further avers that "[d]uring the time period beginning September 29, 2004, through January 26, 2005, [she] worked a total of approximately 196 hours of overtime," for which she was compensated at her regular rate of pay.  *Id.* ¶ 5.

It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  In this case, the defendants have not answered the complaint.  Thus, I find that Smith's affidavit is sufficient evidence to show the amount and extent of the work she performed.  *Id*.

Thus, Smith is entitled to 196 hours of unpaid overtime compensation at a rate of $5.00 per hour.[1]  Accordingly, Specialists, Graham, and Farless are liable, jointly and severally, to pay Smith $980.00 (196 hours x $5.00 per hour) for unpaid overtime compensation under the FLSA.

(b)    <u>Liquidated Damages</u>.

By failing to answer the complaint, Specialists, Graham, and Farless admit that they acted willfully in failing to pay Smith the statutorily required overtime compensation.  When, as here, the defendants have not presented a defense that the failure to pay minimum wages or overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]"  29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint*

---

[1]  Overtime compensation requires that the employee be paid straight time, in this case $10.00 per hour, and one-half more than straight time, in this case $5.00 per hour, for each hour over forty hours worked in any work week.  Because Smith avers that she received straight time pay for all hours worked, she seeks, and is entitled to, only $5.00 per hour for the overtime hours she worked.

*Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).[2]  Accordingly, Specialists, Graham and Farless are liable, jointly and severally, to pay Smith the amount of unpaid overtime compensation owed to her, $980.00, as liquidated damages.

B.      Attorney's Fees and Costs.

The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Smith seeks an award of $2,773.50 for the services provided by her attorneys and their paralegal and administrative assistant in connection with this case.  The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).  Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought.  *Hensley*, 461 U.S. at 433.  "[F]ee counsel should have maintained records to show the time spent on the different

_____

[2] Because Smith is entitled to liquidated damages on her FLSA claim for unpaid overtime compensation, an award of prejudgment interest is not warranted. *See, e.g., Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987).

claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.  Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney.  *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.  *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

    1.    *Hourly Rate.*

Smith seeks compensation for the work of two attorneys, Konstantine Pantas and Laura Weis. Pantas avers that he has been licensed to practice law in Florida since 1993.  He has over eleven years of litigation experience and has practiced exclusively in the area of employment law since 2000.  He seeks a rate of $250.00 per hour.  Pantas Aff. ¶ 5.

Pantas avers that Weis has been licensed to practice law in Florida since 2003, and that she has practiced exclusively in the area of employment law since being admitted to the bar. Pantas seeks an hourly rate of $150.00 for Weis's work in this case. Pantas Aff. ¶ 6.

Smith also seeks compensation for the work of Nury Pacheco, a paralegal, and Becki Rodak, an administrative assistant.  Pantas avers that Pacheo has worked as a paralegal since 2000.  She has experience drafting pleadings, discovery, motions, and affidavits.  State courts in Florida have determined that a reasonable rate for her services is $95.00 per hour, which is the rate Pantas seeks for Pacheco's work in this case.  Pantas Aff. ¶ 7.

Pantas avers that Rodak has trained and worked as an administrative assistant since 2002. She has experience in legal administrative work, including performing due diligence reviews and "asset/conflict/bankruptcy" checks. Pantas seeks an hourly rate of $95.00 for Rodak's work in this case. Pantas Aff. ¶ 8.

I find that the hourly rates sought for the work of Pantas, Weis, and Pacheco are reasonable, in the absence of objection. However, it is not reasonable to seek attorneys' fees for purely clerical work of the type performed by Rodak.[3]  *Cf.  Scelta*, 203 F. Supp. 2d at 1334 ("[T]he efforts of a paralegal are recoverable only to the extent that the paralegal performs work traditionally done by an attorney. Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses.")(internal quotations omitted). Accordingly, there is no reasonable hourly rate for Rodak's work in this case.

        2.    *Reasonable Number of Hours*.

Pantas submitted a time statement indicating the work performed by the individuals for whom fees are sought in this case, which reflects the number of hours worked by each individual as follows:

| | |
|---|---|
| Konstantine Pantas: | 4.0 hours |
| Laura Weis: | 6.0 hours |
| Nury Pacheco: | 5.9 hours |
| Becki Rodak: | 3.3 hours. |

Pantas Aff. at 2.

---

[3] Rodak's work, all performed on June 21, 2005, is described as follows: "Due Diligence reviews, corp search, asset checks, conflict checks, bankruptcy checks, pending case checks, prior claims checks." Doc. No. 31-4 at 7.

As described in the case law above, Smith's counsel's time entries should be set out in sufficient detail to allow the Court to assess the time claimed in each entry.  *See Norman*, 836 F.2d at 1303; *see also Hensley*, 461 U.S. at 437 (requiring fee applicants to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.").

        (a)    <u>Konstantine Pantas</u>.

In this case, the timesheet does not permit the Court to assess the time sought with respect to the work purportedly performed by Attorney Pantas.  The timesheet reflects that Pantas worked 4 hours on June 21, 2005 doing the following: "Initial consultation, document[ ] review, case research, case management meeting."  Doc. No. 31-4 at 7.  Review of the docket sheet reflects that this time entry cannot be accurate.  Because the defendants did not appear in the case, there was no case management meeting.  It is unclear what work was involved in document review and case research other than that performed by Rodak, as discussed above.

Accordingly, because Pantas has not recorded his time in a sufficiently detailed and accurate way for the Court to be able to determine whether the number of hours worked was reasonable for the tasks performed, I recommend that none of the hours recorded by Pantas be compensated in this case.

        (b)    <u>Laura Weis</u>.

The time sheet for the work performed by Weis is equally deficient.  Some of the work is clerical in nature and not compensable.  (10/31/2005 "Preparation of memo to Eagle Legal with instructions for filing and service" 0.20 hours; 10/19/2005 "Review/revise summons and civil cover sheet" 0.10 hours; 10/19/2005 "Finalize complaint, summons and civil cover sheet" 0.10 hours; 10/19/2005 "Telephone call to Ms. Hollie Smith, voice mail" 0.10 hours; 8/16/2005 "E-mail from client, Hollie Smith re: payment received" 0.20 hours).  Other entries appear to be duplicative (two

entries on 10/31/2005 for "Correspondence to client re: status of filing complaint" 0.30 hours).  An

additional entry is simply too vague to determine whether the work relates to the present case

(10/20/2005 "Telephone call from Mr. John W. Noble, voice mail" 0.10 hours).

Accordingly, I recommend that the Court find, in the absence of objection, that Weis

reasonably worked 1.1 hours in this case.  (10/31/2005 "Correspondence to client re: status of filing

complaint" 0.30 hours; 10/19/2005 "Review file, draft complaint for unpaid overtime" 0.50 hours;

9/2/2005 "E-mail correspondence with client, HOLLIE SMITH re: spread sheet" 0.20 hours;

8/18/2005 "E-mail correspondence with HOLLIE SMITH" 0.10 hours).

(c)     <u>Nury Pacheco</u>.

Many of Pacheco's time entries involve efforts to persuade Smith to perform tasks necessary

for the progress of the litigation, to seek enlargements of time from the Court, and to respond to orders

to address counsel's failure to comply with Court deadlines.  (10/26/2006 "E-mai[l] to client please

sign correct affidavit . . . we [n]eed to file Motion for final jud[g]ment by 10/27" 0.20 hours;

10/23/2006 "Follow up phone call and e-mail to client, please sign affidavit ASAP we need to file by

10/27 or case might be dismissed" 0.20 hours; 10/13/2006 "Motion for extension of time to file final

judgment (2nd motion)" 0.40 hours; 10/13/2006 "preparation of amended motion for extension to file

final judgment" 0.20 hours; 10/13/2006 "E-mail to client re-attaching affidavits and warning we need

to file motion for final judgment with affidavit ASAP" 0.20 hours; 10/12/2006 "E-mail from client

please re-send attachments" 0.20 hours; 10/12/2006 "E-mail to client re: explaining fire/flood situation

and [advising] we filed overtime complaint only and the Court will only allow us to recover the same,

please sign correct affidavit" 0.20 hours; 10/12/2006 "Phone call to client re: affidavits were sent,

please sign and return" 0.20 hours; 10/3/2006 "Preparation and filing of motion for extension to file

-10-

motion for final judgment" 0.40 hours; 9/27/2006 "E-mail and follow up phone call to client attaching affidavits, need to sign according to whether she was ever paid overtime" 0.20 hours; 9/22/2006 "Preparation and filing of response to Order to Show Cause dated 9/7/06" 0.50 hours).   Attorney's fees are generally not chargeable to an opposing party for seeking enlargements of time to comply with Court orders, and similarly should not be chargeable for a client's or attorney's inattention to the litigation.  *Cf. Steele v. Van Buren Public School Dist.*, 845 F.2d 1492, 1496 (8th Cir. 1988)(refusing to award fees for attorney seeking an enlargement of time).  Therefore, I recommend that the time Pacheco worked on these tasks not be compensated.

Other time was worked on purely clerical tasks that are not reasonably compensable at a paralegal's hourly rate.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").  Accordingly, I recommend that fees not be awarded for this work.  (10/13/2006 "Phone call to client scheduling appointment to come into the office and meet to prepare affidavit" 0.20 hours; 8/9/2006 "Telephone call to Ms. Hollie Smith, voice mail" 0.10 hours).

Accordingly, I recommend that the Court find, in the absence of objection, that Pacheco reasonably worked 2.0 hours in this case.  (10/27/2006 "Preparation of Motion for entry of final judgment" 0.60 hours; 10/27/2006 "Preparation of affidavit of attorneys['] fees and costs" 0.50 hours; 9/21/2006 "E-mail and follow-up phone call to client re: need additional info for calculations" 0.20 hours; "E-mail correspondence to client re: case status, default and need of affidavit for final judgment" 0.20 hours; 8/28/2006 "E-mail correspondence from client re: case information and rate of pay" 0.20 hours; 8/9/2006 "Preparation of Motion for Default as to individual Defendant, Jeffrey Farless" 0.30 hours).

(d)   <u>Lodestar</u>.

Based on these recommendations, the lodestar attorney's fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Konstantine Pantas | $250.00 | 0 | $0.00 |
| Laura A. Weis | $150.00 | 1.1 | $165.00 |
| Nury Pacheco | $95.00 | 2.0 | $190.00 |
| Becki Rodak | $0.00 | N/A | $0.00 |
| Total Award: | | | $355.00 |

3.   *Costs*.

Smith seeks an award of costs in the amount of $615.00 for reimbursement for the filing

fee ($250.00) and for the costs of serving process in this case ($365.00).  Pantas Aff. ¶ 11.  The

docket sheet confirms that Smith paid a filing fee of $250.00.  There is no explanation or evidence

supporting the payment of $365.00 for service of process.  This is an excessive amount, which

should not be compensated unless supported by evidence establishing that the cost was actually

and reasonably incurred.  *See Scelta*, 203 F. Supp. 2d at 1341 (denying a request for costs "due to

the lack of a sufficient description and justification" of such costs).  Accordingly, I recommend

that the Court approve an award of expenses in the amount of $250.00.

## V.   RECOMMENDATION.

I respectfully recommend that Smith's Motion for Entry of Final Default Judgment (Doc.

No. 31) be **GRANTED**, in part, and **DENIED**, in part.  I further recommend that the Court enter a

default judgment against Specialists, Graham, and Farless on Smith's FLSA claim for unpaid

overtime compensation and order Specialists, Graham, and Farless to pay Smith damages, jointly

and severally, in the amount of $1,960.00; attorney's fees in the amount of $355.00; and costs in the amount of $250.00.  I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 7, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy